Richard WILSON; et al., Plaintiffs— Appellants,

v.

Lucia M. TURNER, Deputy Regional Forester; et al., Defendants— Appellees.

No. 05–17304.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 15, 2007.

R. Gehl Tucker, Esq., Flagstaff, AZ, for Plaintiffs–Appellants.

Ellen J. Durkee, Esq., John L. Smeltzer, Esq., DOJ–U.S. Department of Justice Environment & Natural Resources Division, Washington, DC, Michael A. Johns, Esq., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Defendants–Appellees.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Richard and Jean Wilson and others appeal the district court's grant of sum-

---

* This disposition is not appropriate for publica-

tion and is not precedent except as provided

mary judgment in favor of the United States Forest Service and two of its officials. The appellants argue that the Forest Service was required to complete an environmental impact statement—not just an environmental assessment—for its proposed creation of the "Peaks Segment" of the Arizona Trail. The Arizona Trail is a long-distance trail stretching across Arizona from Mexico to Utah The segment at issue would be a dirt path about 15 miles long and two feet wide. The appellants also argue that the Forest Service's choice of the trail route was arbitrary and capricious.

The National Environmental Policy Act requires the Forest Service to prepare an environmental assessment to determine whether the proposed Peaks Segment "significantly affects" the environment. 40 C.F.R. § 1501.3(a). The Forest Service must take a hard look at the environmental impact and provide a "convincing statement of reasons" that explain why that impact is not significant. *Blue Mountains Biodiversity Project v. Blackwood*, 161 F.3d 1208, 1212 (9th Cir.1998). A more detailed environmental impact statement is required only where there are "substantial questions" about whether a project may have a significant environmental impact. 42 U.S.C. § 4332(2)(C); *Ocean Advocates v. U.S. Army Corps of Eng'rs*, 402 F.3d 846, 864–65 (9th Cir.2005). In determining whether an action "significantly affects" the environment, the Forest Service looks both at the context and the intensity of the impact, as measured by ten regulatory factors. 40 C.F.R. § 1508.27. The appellants argue that substantial questions exist under six of these factors making the preparation of an EIS mandatory. We disagree.

First, the appellants fail to establish substantial questions about "[t]he de-

gree to which the effects on" the Mexican spotted owl, elk and deer, northern goshawk, turkey and cultural resources "are likely to be highly controversial." 40 C.F.R. § 1508.27(b)(4). The appellants do not present any evidence from experts or "knowledgeable" individuals that a "substantial dispute exists" regarding the Forest Service's findings. *See Greenpeace Action v. Franklin*, 14 F.3d 1324, 1333–34 (9th Cir.1992) (citation omitted). Second, the Forest Service took the required hard look at the uncertainty of the impacts of the Peaks Segment at Little Springs and the project's impact on public safety and endangered species. *See* 40 C.F.R. § 1508.27(b)(2), (5), (9). The appellants fail to raise substantial questions that the Peaks Segment will result in highly uncertain impacts at Little Springs or that the generalized risk of human encounters with bears and mountain lions is significant. Third, the adverse impact on the endangered Mexican spotted owl is not significant; at most, only several birds would be affected, not the species. *See Envtl. Prot. Info. Ctr. v. U.S. Forest Service*, 451 F.3d 1005, 1010–11 (9th Cir.2006). Fourth, the Peaks Project does not threaten a violation of federal law "imposed for the protection of the environment," 40 C.F.R. § 1508.27(b)(10), because the incidental take of the Mexican spotted owl is not prohibited by the Endangered Species Act. *See* 16 U.S.C. § 1536(b)(4), (o)(2); 50 C.F.R. § 402.02. Finally, the Forest Service sufficiently considered the nearby Snowbowl facilities improvement project as required under 40 C.F.R. § 1508.27(b)(7), and we defer to its determination that there is no reasonable expectation that the Snowbowl and Peaks Segment projects will create a cumulatively significant impact on the environment.

by 9th Cir. R. 36–3.

The Forest Service did not irreversibly commit to a particular course of action before the completion of the Final Environmental Assessment, which would have been arbitrary and capricious had it occurred, but it did not. *See Metcalf v. Daley,* 214 F.3d 1135, 1142–45 (9th Cir. 2000). In sum, we agree with the district court that the Forest Service took the requisite hard look at the proposed action. *See Tillamook County v. U.S. Army Corps of Eng'rs,* 288 F.3d 1140, 1143–44 (9th Cir.2002).

**AFFIRMED.**